Ira Cook, J. M. St. John, and George F. Henry, Trustees, v. City of Des Moines, Appellant.

**Contracts:** res judicata. Where the enforcement of a contract with a city for the purchase of real estate was dependent upon the validity of another contract by the city for the construction of a lighting plant thereon, a decree in an action to which all parties interested were made parties adjudging both contracts invalid because creating an indebtedness in excess of the constitutional limit, is an adjudication invalidating the real estate contract in toto, and precludes an action for rent of the property as provided in the agreement.

*Appeal from Polk District Court.*— Hon. W. H. McHenry, Judge.

Friday, November 18, 1904.

THE plaintiffs, as trustees of the estate of Stephen Sibley, deceased, sued to recover an amount claimed to be due to them as rental for certain premises under the terms of a written contract of conditional sale of the premises to the defendant. The defendant denied the allegations of the petition, and also set up by way of affirmative defense an adjudication in an action to which plaintiffs had been made parties that the contract relied on was illegal and invalid. On the trial defendant introduced evidence of the alleged adjudication. The court rendered judgment for plaintiffs for the amount claimed as rent, and defendant appeals.— *Reversed.*

*W. H. Bremner, M. H. Cohen,* and *R. B. Alberson,* for appellant.

*Berryhill & Henry,* for appellees.

McCLAIN, J.— The contract sued upon is by terms declared to be one for conditional sale of certain lots in the city of Des Moines to the defendant, to be used for the location of an electric lighting plant, to be constructed for the city by the McCaskey & Holcomb Company under a contract with said company, and is made contingent upon the ability of the city to use the lots for the purpose specified. This contract contains the following stipulations:

But if it should be finally determined that such contract is invalid, and said plant cannot be so erected, then this contract shall be and become absolutely null and void, upon written notice to that effect, given by the city to said trustees, within thirty days from such final determination. The city may take possession of said premises at once upon the execution of these presents, but in event of such adverse determination and the giving of such notice, shall surrender the same in as good condition as at present, and any erections or improvements placed thereon may be removed by said city within sixty days from the giving of such notice, and the city shall in that event pay as rental $200.00 per annum

during such time from the date hereof to the giving of such notice and surrender of the premises.

By amendment to the petition it was alleged that there was an oral contract, not clearly expressed in the writing, that the city was to pay rent to the plaintiffs from the making of the written contract until final determination of the validity of the contract with the McCaskey & Holcomb Company, and that the taking of actual possession by the city was to be immaterial as to the payment of rent. And by another amendment it was alleged that under oral contract with the officers of the city it was agreed that the rental specified in the written contract was by way of compensation for an option. But, as no evidence was introduced in support of the averments contained in these amendments, they need not be further considered.

Counsel argue the question whether, under the terms of the written contract, any recovery can be had for rent in view of the conceded fact that the city never took actual possession of the lots; but, as we can finally determine the case on the affirmative defense of an adjudication, we need not enter upon any discussion as to the interpretation to be placed upon the rather ambiguous language of the contract in this respect.

In support of the affirmative defense that the contract relied upon had been held invalid in an action to which both the city and the trustees were made parties, the defendant introduced in evidence the record of an action in the district court of Polk county, brought by James H. Windsor against the city of Des Moines, in which the trustees, plaintiffs in this action, were made defendants. In the petition in that action, as amended, it was averred that at the time of entering into a certain contract with the McCaskey & Holcomb Company for the erection of an electric light plant, and at the time of the making of the contract between the city of Des Moines and the trustees for the purchase of the lots in question, which contracts are referred to at length as

Exhibits " D " and " E," the city of Des Moines was already in debt beyond the constitutional limit, and that such contracts were illegal and void, and that the city had no power or authority to make them; and it was prayed that the city and its officers be enjoined from creating any debt or obligation in the name of the city for any of the purposes referred to. The city admitted the making of the contracts and denied the other averments of the petition, and the case being submitted to the court on pleadings and evidence, it was adjudged by the court that the two contracts referred to in the pleadings as Exhibits " D " and " E " " said Exhibit E being the contract between the city and the trustees of the Sibley estate for the purchase of ground whereon the said plant was to be located, be, and the same are hereby held to be inoperative, illegal and void, and the defendants are hereby enjoined collectively and severally from in any manner carrying the same into effect, or from expending any money or incurring any indebtedness in respect to any of the matters hereinbefore referred to."

Exhibit E, referred to in that case, is the very contract on which plaintiffs seek to maintain the present action, and we see no escape from the conclusion that the invalidity of that contract was conclusively adjudicated by such decree. The court did not merely hold that the contract with the McCaskey & Holcomb Company for the construction of the electric light plant was invalid. If that had been the extent of the adjudication, then it might plausibly have been argued that the condition under which the city was to pay rent to the trustees under the contract now sued upon had arisen and the right to collect rent had accrued. But the adjudication was that both contracts were invalid, and for the same reason, to-wit, that the city was attempting by such contracts to incur an indebtedness in excess of the constitutional limit. It cannot be said that the contract for the purchase of the lots was severable, so that the agreement to pay rent was valid, although the provisions for the purchase of the lots

were held unenforceable. The contract must stand or fall as a whole. Moreover, the agreement to pay rent was open to the same objection as the agreement to purchase, for it was not contemplated that the city should make use of the rented premises for any lawful purpose, but the agreement to pay rent was a part of the general scheme to erect an electric lighting plant, which purpose the court held to be unlawful in view of the indebtedness of the city. Now, the city could no more bind itself to pay rent for the use of the property for an unlawful purpose than it could bind itself to buy the lots for such purpose, and the contract to pay rent was as much in excess of the power of the city in view of its indebtedness as the contract to pay the purchase price. We reach the conclusion, therefore, that the contract sued upon in this case has been already adjudicated to be invalid in toto, and that this action cannot be maintained.

.The judgment of the trial court in favor of plaintiffs is therefore *reversed.*